James X. Bormes (*pro hac vice* admission pending)
Catherine P. Sons (*pro hac vice* admission pending)
LAW OFFICE OF JAMES X. BORMES, P.C.
Illinois State Bar No. 620268
8 South Michigan Avenue
Suite 2600
Chicago, Illinois 60603
(312) 201-0575
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

**LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND COLLECTIVE MEMBERS**

Thomas M. Ryan (*pro hac vice* admission pending)
LAW OFFICE OF THOMAS M. RYAN, P.C.
Illinois State Bar No. 6273422
35 East Wacker Drive
Suite 650
Chicago, Illinois 60601
(312) 726-3400
tom@tomryanlaw.com
Attorney for Plaintiff

LOCAL COUNSEL:
Michelle R. Matheson #019568
MATHESON & MATHESON, P.L.C.
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Terri Hayford, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Santander Consumer USA, Inc.,<br><br>Defendant. | No.:<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Terri Hayford, individually and on behalf of all other persons similarly situated, known and unknown, through her attorneys, complains against Defendant Santander Consumer USA, Inc. ("Defendant"), as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), for Defendant's failure to pay Plaintiff and other similarly situated persons all overtime pay for all time worked in excess of forty (40) hours per week.

2. Defendant is a consumer finance company focused on vehicle finance and third-party servicing.

3. During the three years preceding the filing of this Complaint, Defendant operated high volume call centers where it employed Plaintiff and other telephone-dedicated employees to handle phone calls regarding Defendant's financing services offered to its customers.

4. Plaintiff worked as a telephone-dedicated customer service representative at Defendant's Mesa, Arizona call center.

5. Defendant required Plaintiff and similarly situated telephone-dedicated employees to be ready to handle a call at the start of their scheduled shift times.

6. In order to be ready to handle a call, Plaintiff and similarly situated employees had to first boot up their computers, open various software programs necessary for handling a call and read work email regarding information for the day's calls.

7. Under its policies and practices, Defendant regularly failed to pay these workers for their pre-shift work.

8. Additionally, under Defendant's policies and practices, Plaintiff and similarly situated telephone-dedicated employees had to be available to handle a call until the end of their scheduled shift time. As a result, they regularly worked past the end of their scheduled shift time when completing customer calls, closing their software

programs and securing confidential information, but were not paid for this work.

9. Defendant knowingly required and/or permitted Plaintiff and other similarly situated telephone-dedicated employees to perform unpaid work before and after their scheduled shift times. This unpaid pre-shift work includes logging into Defendant's computers and network, initializing several software programs, and reading company issued emails and instructions at the beginning of their shifts. The unpaid post-shift work includes completing customer service calls, securing their workstations, and securing any customer or proprietary information at and after the end of their shifts.

10. In addition, Defendant was aware that Plaintiff also performed work for Defendant on her break periods, including meal breaks, for which she was not paid.

11. The amount of uncompensated time Plaintiff and those similarly situated to her spend or have spent on these unpaid work activities averages approximately 20 minutes per day.

12. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

13. Plaintiff brings her FLSA overtime claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of telephone-dedicated hourly employees who worked for Defendant at the call centers operated by Defendant.

**JURISDICTION AND VENUE**

14. This Court has original jurisdiction over Plaintiff's FLSA claims in this action under 29 U.S.C. § 1331 and 29 U.S.C. § 216(b).

15. Venue is proper in this Court as the illegal conduct alleged herein occurred in this district.

**THE PARTIES**

16. Plaintiff Terri Hayford is an individual who Defendant employed as an hourly, non-exempt telephone-dedicated customer service representative at the call center

operated by Defendant located in Mesa, Arizona. Plaintiff worked at Defendant's Mesa, Arizona call center from approximately April 10, 2017 to October 31, 2019. Plaintiff resides in and is domiciled within this judicial district. Plaintiff is seeking recovery of overtime owed to her during the time she worked at Defendant's call center. A copy of Plaintiff's consent form is attached hereto as Exhibit 1.

17. Defendant is a Florida corporation that has its corporate headquarters located at 1601 Elm Street, Suite 800, Dallas, Texas 75201. Defendant's Arizona registered agent is CT Corporation and located at 3800 North Central Avenue, Suite 460, Phoenix, Arizona 85012.

18. Defendant is a consumer finance company focused on vehicle finance and third-party servicing. Defendant owns and/or operates the telephone call center in Mesa, Arizona at issue here.

19. Upon information and belief, during the last three years, Defendant has operated call centers in other locations and states outside of Mesa, Arizona.

20. At Defendant's call center located in Mesa, Arizona, Defendant's telephone-dedicated hourly employees handle telephone calls regarding Defendant's financing services offered to its customers.

21. Defendant employed Plaintiff and other similarly situated phone representatives as "employees," as the term "employee" is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

22. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

23. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.

24. At all relevant times, Defendant was an "employer" of Plaintiff and other

similarly situated phone representatives, as the term "employer" is defined by Section 203(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all material times, Plaintiff and the FLSA Collective Members, as defined in paragraph 73 below, were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

26. Further, at all material times, Defendant has operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendant performs related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

## FACTUAL ALLEGATIONS

### ***A. Defendant's Practice of Requiring and/or Permitting Telephone-Based Employees to Work Before the Start of and After the End of Their Scheduled Shift Time***

27. Plaintiff regularly worked 40 hours or more during her tenure and employment with Defendant. Defendant paid Plaintiff an hourly rate of approximately $17.00 per hour when she started working for Defendant in April 2017, and Defendant was paying Plaintiff approximately $18.20 per hour when she stopped working in October 2019.

28. Defendant's policy and practice requires and/or permits telephone-dedicated employees to be logged into their phones by the employee's scheduled start time.

29. Defendant required Plaintiff and similarly situated telephone-dedicated employees to be ready to handle a call at the start of their scheduled shift time.

30. In order to be ready to handle a call, Plaintiff and similarly situated telephone-dedicated employees had to be logged into Defendant's telephone systems and call queue. In order to be logged into Defendant's telephone systems and call queue, Defendant required and/or permitted Plaintiff and similarly situated telephone-dedicated

employees to arrive at their work station prior to their scheduled shift time and boot up computers, initialize several software programs, and read company emails and/or instructions.

31. Defendant's policy and practice results in telephone-dedicated employees, including the Plaintiff, booting up their computers, opening and initializing several software programs and/or reading company emails and instructions prior to their start of their scheduled shift time.

32. Defendant's policy and practice disciplines telephone-dedicated employees if they are not logged into their phones and ready to handle calls by the start of their scheduled shift time.

33. Defendant did not instruct Plaintiff and similarly situated telephone-dedicated employees to not log into their computers or telephone, or to not read company emails, prior to the start of their scheduled shift time. Rather, Defendant required, permitted and/or allowed Plaintiff and the putative collective members to work prior to and after their scheduled shift time.

34. At the end of their shift, Plaintiff and similarly situated phone-based employees were expected to be available to handle a call until the end of their scheduled shift time. As a result, Plaintiff and similarly situated telephone-dedicated employees regularly worked past the end of their scheduled shift times when logged off their software programs and computers and secured their work stations and Defendant's customer and proprietary information pursuant to Defendant's policies and practices.

35. Plaintiff and similarly situated telephone-dedicated employees were regularly not paid for some or all of their work activities prior to the beginning of their shifts or after the end of their shifts.

36. Prior to being hired to work as a telephone-dedicated employee, Plaintiff and other similarly situated employees at Defendant's call centers were and are interviewed by

employees and managers of Defendant.

37. Defendant had the power to hire and fire Plaintiff and other telephone-based employees. Defendant controlled and set the schedules for Plaintiff and similarly situated telephone-dedicated employees at its call centers.

38. At Defendant's call centers, Defendant had managers and/or supervisors on the floor of the call center during the workday, managing the work activities of the Plaintiff and other similarly situated persons.

39. Defendant does not allow telephone-dedicated employees to use its phones and computers for any personal use. Additionally, Defendant generally prohibits and does not allow telephone-dedicated employees to use their own personal cell phones on the call center floor.

***B. Defendant Knew of and Assented to the Unpaid Work***

40. Defendant monitored, directed and controlled the work activities of Plaintiff and other similarly situated persons, including the unpaid work at issue.

41. Defendant's supervisors and team leads on the call center floor could and did regularly see with their own eyes that Plaintiff and similarly situated telephone-based employees arrived at their work stations before the start of their scheduled shift time, logged into Defendant's computers, and began working on their computers prior to the start of their scheduled shift time.

42. Defendant's supervisors and team leads on the call center floor could and did regularly see with their own eyes that Plaintiff and similarly situated telephone-based employees worked past the end of their scheduled shift time handling phone calls and securing their work stations.

43. Despite seeing and knowing that Plaintiff and similarly situated telephone-dedicated employees performed work at their work stations prior to and after their scheduled shift times, Defendant and its supervisors and team leads on the floor of the

call center did not make any meaningful effort to stop or otherwise disallow this unpaid work and instead allowed and permitted it to happen.

44. Defendant possesses, controls and/or has access to information and electronic data that shows the times Plaintiff and similarly situated telephone-dedicated employees logged into and out of their computers each day and the time they logged into and out of their telephone systems each day.

45. By possessing, controlling and/or accessing this information, Defendant knew that Plaintiff and similarly situated telephone-dedicated employees worked prior to the start and after the end of their scheduled shift time.

46. Despite having this information and knowing that Plaintiff and similarly situated telephone-dedicated employees logged into their computers, initialized necessary software programs, and read company issued emails and instructions prior to the start of their scheduled shift time, and despite requiring and/or allowing them to handle a call up until the end of their scheduled shift time, Defendant did not make any effort to stop or otherwise disallow the pre- or post-shift work and instead allowed and permitted it to happen.

47. Defendant knowingly required and/or permitted Plaintiff and those similarly situated to her to perform unpaid work before and after the start and end times of their shifts, including booting up computers, initializing several software programs, and reading company issued emails and instructions prior to the start of their scheduled shift time, as well as completing customer service calls, closing down the software programs, logging off the system, securing their workstations, and securing any customer or proprietary information after the end of their scheduled shift times.

48. The amount of uncompensated time Plaintiff and those similarly situated to her spend or have spent on these required and unpaid work activities averages approximately 20 minutes or more per day.

### *C. Defendant's Failure to Pay Overtime Wages to Its Hourly Paid Telephone-Dedicated Employees*

49. Defendant determined the rate of pay for Plaintiff and the telephone-dedicated employees at its call centers in Mesa, Arizona and elsewhere.

50. Defendant's managers and supervisors reviewed and approved Plaintiff and other similarly situated persons' time records prior to receiving their paychecks.

51. Defendant supervised and controlled the work schedule of Plaintiff and other similarly situated persons.

52. Plaintiff and those employees similarly situated are individuals who work or worked for Defendant in customer service and similar phone-based positions at Defendant's call centers and were not paid for some or all of their work activities prior to the beginning of their shifts or after the end of their shifts.

53. Plaintiff and the other telephone-dedicated employees are also similar because Defendant did not pay them for all time they actually worked.

54. The net effect of Defendant's policies and practices, instituted and approved by company managers and supervisors, is that Defendant willfully failed to pay overtime compensation to Plaintiff and others similarly situated, and willfully failed to keep accurate time records to save payroll costs. Defendant thus enjoyed ill-gained profits at the expense of its hourly employees.

55. Plaintiff and others similarly situated at times regularly work or worked in excess of forty hours per week for Defendant in a given workweek.

56. Defendant's policy and practice of requiring and/or permitting phone-based employees, including Plaintiff and other non-exempt, hourly workers, to perform work without pay for such work performed, violates Section 6 of the FLSA, 29 U.S.C. § 206.

57. Defendant's policy and practice of requiring its employees to perform work without pay in many instances has caused and continues to cause Plaintiff and certain other similarly situated hourly employees to work in excess of forty hours per week,

without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207.

58. Defendant's failure to compensate the non-exempt, hourly telephone-dedicated employees with the full amount of the applicable regular wage or overtime wage has caused Plaintiff and other similarly situated non-exempt call center employees to suffer harm.

59. Defendant's non-exempt, hourly-paid call center employees are entitled to compensation for all time they worked without pay in any given workweek.

## COLLECTIVE ACTION ALLEGATIONS

60. Plaintiff brings Count I of this Complaint as a collective action on behalf of herself and all other current and former hourly telephone-dedicated employees at Defendant's call centers who Defendant required and/or permitted to perform the work described herein without pay at any time during the three years prior to the commencement of the action to the present.

61. Plaintiff has actual knowledge that FLSA Collective Members have also been denied overtime pay for hours worked over forty hours per workweek. That is, Plaintiff worked with other telephone dedicated employees. As such, she has first-hand personal knowledge that the same pay violations occurred to other collective members.

62. Other employees similarly situated to Plaintiff work or have worked at Defendant's call centers, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

63. Although Defendant required and/or permitted the FLSA Collective Members to work in excess of forty hours in a workweek, Defendant has denied them full compensation for their hours worked over forty. Defendant has also denied them full compensation at the federally mandated minimum wage rate.

64. FLSA Collective Members perform or have performed the same or similar work as Plaintiff.

65. FLSA Collective Members regularly work or have worked in excess of forty hours during a workweek.

66. FLSA Collective Members are not exempt from receiving overtime pay at the federally mandated wage rate under the FLSA.

67. As such, FLSA Collective Members are similar to Plaintiff in terms of job duties, pay structure, and the denial of overtime wages.

68. Defendant's failure to pay the overtime compensation wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Collective Members.

69. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Collective Members.

70. The specific job titles or precise job responsibilities of each FLSA Collective Member do not prevent collective treatment.

71. All FLSA Collective Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

72. Although the exact amount of damages may vary among FLSA Collective Members, the damages for the FLSA Collective Members can be easily calculated by a simple formula. The claims of all FLSA Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Collective Members.

73. As such, Plaintiff brings her FLSA overtime as a collective action on behalf of the following collective, and Plaintiff's Counsel seek to send notice of this lawsuit to the following described persons (*i.e.*, the "FLSA Collective Members"):

> All persons who worked for Defendant as a telephone-dedicated employee, however titled, who were compensated, in part or in full, on an hourly basis at Defendant's call centers at any time in three years preceding the filing of this Complaint to the present and who did not receive the full amount of overtime wages earned and owed to them.

74. There are questions of law or fact common to the workers described in paragraph 73.

75. Plaintiff is similarly situated to the workers described in paragraph 73, as Plaintiff's claims are typical of the claims of those persons.

76. Plaintiff's claims or defenses are typical of the claims or defenses of the workers described in paragraph 73.

77. This is not a collusive or friendly action. Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and her counsel will fairly and adequately protect the interests of the persons described in paragraph 73.

78. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

79. At all relevant times, Defendant employed Plaintiff and the persons described in paragraph 73.

80. At all relevant times, Defendant paid Plaintiff and the persons described in paragraph 73 to work.

81. At all relevant times, Defendant has been an "employer" of Plaintiff and the persons described in paragraph 73, as the term "employer" is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

82. At all relevant times, Plaintiff and the persons described in paragraph 73 have been "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**COUNT I – FLSA**

**(Failure to Pay Overtime Wages)**

83. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 82 as paragraph 83 of this Count I.

84. Plaintiff, individually and on behalf of the members of the collective described in paragraph 73, asserts claims for unpaid overtime pursuant to the FLSA.

85. At any and all times relevant hereto, Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

86. At any and all times relevant hereto, Defendant was an "employer" of the Plaintiff and the members of the collective described in paragraph 73 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

87. At any and all times relevant hereto, Plaintiff and the members of the collective described in paragraph 73 were "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

88. Plaintiff and the members of the collective described in paragraph 73 were not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

89. At all times relevant hereto, Defendant's failure to pay Plaintiff and the members of the collective described in paragraph 73 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

a. Defendant knew that the FLSA required it to pay time and one-half for all time worked over 40 hours in a week;

b. Defendant failed to maintain true and accurate time records; and

c. Defendant encouraged Plaintiff and other similarly situated employees to not record all time worked.

90. As a direct and proximate result thereof, Plaintiff and the members of the

collective described in paragraph 73 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

**DAMAGES SOUGHT**

91. Plaintiff and the FLSA Collective Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated overtime wage rate.

92. Plaintiff and the FLSA Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

93. Plaintiff and FLSA Collective Members are entitled to recover their attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Conditionally certify the collective described in paragraph 73, and grant Plaintiff's counsel leave to send notice of this lawsuit to the members of the collective and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216;

B. Declare and find that the Defendant committed one or more of the following acts:

    i. Violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs; and

    ii. Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs.

C. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

D. Award liquidated damages on all wages and overtime compensation due to Plaintiff

and all persons who opt-in as party plaintiffs;

E. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

F. Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

G. Grant leave to add additional plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

H. Grant such further relief as the Court deems just and equitable.

DATED this 16th day of September 2020

Respectfully submitted,
Terri Hayford, individually and on behalf of a collective of persons similarly situated.

/s/ James X. Bormes
One of Plaintiff's Attorneys

James X. Bormes (*pro hac vice pending*)
Catherine P. Sons (*pro hac vice pending*)
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, Illinois 60603
312-201-0575

Thomas M. Ryan (*pro hac vice pending*)
Law Office of Thomas M. Ryan, P.C.
35 E. Wacker Drive
Suite 650
Chicago, Illinois 60601
312-726-3400

LOCAL COUNSEL:
Michelle R. Matheson #019568
MATHESON & MATHESON, P.L.C.
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com